## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |
|---|---|
| QUICKVAULT, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>TANIUM INC.<br><br>    Defendant. | Case No.: 1:23-cv-01364<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

1.      QuickVault, Inc. ("QuickVault") hereby brings this action alleging that Defendant Tanium Inc. ("Tanium") infringes United States Patent No. 9,961,092 (the "'092 Patent") (the "Asserted Patent") in violation of the patent laws of the United States of America, 35 U.S.C. § 1 et seq.

### INTRODUCTION

2.      Due to the ease of insurance and prescription drug fraud, patient health information is a valuable target for cyber criminals.  Healthcare providers that lose control of patient data violate HIPAA-OCR requirements and are subject to fines.  QuickVault created its CloudVault® Health business unit in 2015 to address this serious issue, deploying patented technology to mitigate risks to healthcare providers when sharing patient records.

1

3.      Before CloudVault Health, healthcare providers addressed data security concerns by piecing together HIPAA secure vaults, encryption software installed on individual endpoint computers, and expensive perimeter security that collectively limited access to sensitive data.  These solutions did not focus on automatically discovering and protecting the data itself or tracking and predicting the behavior of individuals with access to that data.

4.      QuickVault's patented technology improves security by scanning endpoints within a network that, in coordination with a cloud-based server, automatically discover, classify, and track sensitive information as well as permit remote remediation of policy violations by, e.g., deleting or encrypting unauthorized documents on endpoints.  QuickVault's patented technology also enables healthcare providers to predict policy violations before they occur by tracking and analyzing user activity, allowing healthcare providers to optimize security by placing restrictions on high-risk individuals.

5.      Tanium's Converged Endpoint Management ("XEM") Platform (the "Accused Product") permits network administrators to "[s]ee, control, and remediate every endpoint" on the network, "[g]ain an accurate picture of every endpoint," "maintain their security and performance, and resolve any incident — in real time and at any scale."  (*Tanium Converged Endpoint Management (XEM) Platform*, TANIUM, https://www.tanium.com/resources/converged-endpoint-

management-xem-solution-

brief/#:~:text=See%2C%20control%2C%20and%20remediate%20every,time%20a

nd%20at%20any%20scale.)  The Accused Product implements QuickVault's

patented technologies without authorization.

6.      A central aspect of the Accused Product is the deployment of its

software on endpoints to detect, classify, and track data as well as to enable remote

administrators to monitor and remediate policy violations as they occur.  Remote

administrators are alerted to policy violations and granted multiple remediation

options.  At least these functions of the Accused Product practices one or more

claims of the Asserted Patent.

7.      Tanium has made the Accused Product available to businesses and

individuals throughout the United States, including in this District.

## THE PARTIES

8.      QuickVault is a corporation formed under the laws of Georgia with its

principal office located at 1400 Marketplace Blvd. Ste 226, Cumming, GA, 30041.

9.      Tanium is a Delaware corporation with a place of business at 5080

Spectrum Drive, Suite 700E, Addison, TX, 75001.

## JURISDICTION AND VENUE

10.      This is a civil action for patent infringement arising under the patent

laws of the United States as set forth in 35 U.S.C. §§ 271, *et seq.*

11.    This Court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.    This Court has personal jurisdiction over Tanium because Tanium has an office in Texas and has committed and/or participated in the commission of patent infringement in violation of 35 U.S.C. § 271 in Texas that has injured and continues to injure QuickVault.

13.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b) because Tanium has regularly committed acts of infringement within this District by providing the Accused Product to customers within this District.  Tanium also regularly conducts business within this District by, e.g., hosting its annual, week-long Converge conference in Austin, TX. (*Tanium Prepares to Celebrate the Power of Partnering*, TANIUM, https://www.tanium.com/blog/tanium-converge-2023-global-partners-summit/.)

14.    Tanium has purposely and voluntarily placed its infringing product and/or provided services into the stream of commerce with the intention and expectation that they will be purchased and used by customers in this District.

## THE ASSERTED PATENT

15.    The '092 Patent, which is entitled "Method and System for Forensic Data Tracking," was duly and legally issued to inventors Steven V. Bacastow and

Michael Royd Heuss and assignee QuickVault on May 1, 2018.  A true copy of the '092 Patent is attached hereto as **Exhibit A**.

16.    QuickVault is the owner of the entire right, title, and interest in and to the '092 Patent, which is presumed valid under 35 U.S.C. § 282.

## COUNT I:  PATENT INFRINGEMENT OF THE '092 PATENT

17.    QuickVault incorporates by reference each of the above paragraphs as if fully restated herein.

18.    Tanium has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, one or more claims of the '092 Patent by making, using, selling, offering to sell, and/or importing the Accused Product within the United States.

19.    A detailed infringement analysis demonstrating how the Accused Product practices each and every limitation of claim 1 of the '092 Patent, either literally or under the doctrine of equivalents, is provided in **Exhibit B**.

20.    Tanium also actively induces infringement of the '092 Patent by its customers to whom it provides the Accused Product under 35 U.S.C. § 271(b).  *See* **Exhibit B**.

21.    Tanium has knowledge of the '092 Patent, of its infringement of the '092 Patent, and of its customers' infringement of the '092 Patent at least as of the service and filing of this Complaint.  **Exhibit B**, attached hereto, provides actual

notice to Tanium that its making, use, sale, offer for sale, and/or importation of the Accused Product, as well as its customers' use of the Accused Product, infringes the '092 Patent.

22.    Tanium's continued sale and promotion of its Accused Product to customers and prospective customers constitutes active encouragement and instruction to infringe the '092 Patent.  For example, Tanium's publication of its XEM Platform product website (https://www.tanium.com/converged-endpoint-management/), YouTube tutorials relating to the Accused Product (https://www.youtube.com/@Tanium_Inc/videos), and library of other XEM Platform documentation (https://docs.tanium.com/) intentionally instructs and encourages customers to use the Accused Product in infringing manners.  *See* **Exhibit B**.

23.    As a result of Tanium's infringement and its customers' infringement of the '092 Patent, QuickVault has suffered monetary damages and seeks recovery in an amount adequate to compensate it for Tanium's infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff QuickVault respectfully requests the following relief:

A.    A judgment in favor of QuickVault that Tanium has infringed, either literally and/or under the doctrine of equivalents, the '092 Patent;

B.      An award of damages resulting from Tanium's acts of infringement in accordance with 35 U.S.C. § 284;

C.      That this Court order an accounting of damages incurred by QuickVault from six years prior to the date this lawsuit was filed through the entry of a final, non-appealable judgment;

D.      That this Court award pre- and post-judgment interest on such damages to QuickVault;

E.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to QuickVault reasonable attorneys' fees against Tanium.

F.      Any and all other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

QuickVault respectfully requests a trial by jury on all issues triable thereby.

DATED this 7th day of November, 2023.

RESPECTFULLY SUBMITTED,

By:    */s/Artoush Ohanian*
       Texas State Bar No. 24013260
       H. Artoush Ohanian
       OhanianIP
       604 West 13th Street
       Austin, Texas 78701
       Phone: (512) 298-2005
       Email: artoush@ohanianip.com

-and-

Steven G. Hill
Georgia Bar No. 354658
*Pro Hac Vice pending*
David K. Ludwig
Connecticut Bar No. 43510
*Pro Hac Vice pending*
Hill, Kertscher & Wharton, LLP
3625 Cumberland Blvd., SE
Suite 1050
Atlanta, Georgia 30339-6406
Tel.: (770) 953-0995

Email: sgh@hkw-law.com
Email: dludwig@hkw-law.com

***Counsel for Plaintiff QuickVault, Inc.***