**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

QUICKVAULT, INC.,

Plaintiff,

v.

TANIUM INC.,
AUTONATION, INC.,
BAE SYSTEMS, INC., and
HONEYWELL INTERNATIONAL INC.

Defendants.

Case No.: 1-23-cv-01364-ADA

**JURY TRIAL DEMANDED**

**QUICKVAULT, INC.'S OPPOSITION TO
TANIUM INC.'S MOTION TO SEVER, STAY, AND TRANSFER**

Plaintiff QuickVault, Inc. ("QuickVault") hereby responds to Defendant Tanium Inc.'s ("Tanium") Motion to Sever, Stay, and Transfer. QuickVault opposes Tanium's Motion with respect to Tanium's request to transfer the case to the Middle District of North Carolina ("MDNC"). Regarding Tanium's request to sever and stay the case against AutoNation, Inc., BAE Systems, Inc., and Honeywell International Inc. (collectively, the "Customer Defendants"), QuickVault has already responded that it does not oppose the request on the agreed condition that the Customer Defendants provide relevant and non-cumulative discovery in this case. (Dkt. 44.)

# I. INTRODUCTION

Tanium falls far short of clearly establishing good cause to transfer the instant case to MDNC. The main thrust of Tanium's argument is that certain relevant Tanium engineer witnesses reside in MDNC, but Tanium also has many relevant engineers in WDTX and elsewhere in Texas. Moreover, Tanium's relevant non-technical witnesses either reside in Texas or near its Washington state headquarters, and the only identified non-party witness with non-cumulative information resides in WDTX. In short, Tanium has failed to demonstrate that *any* essential witnesses reside in MDNC, it has ignored the fact that many relevant witnesses reside in Texas, and it has further ignored that its Washington headquarters, with further relevant witnesses, is much closer to WDTX than to MDNC.

Other factors also overwhelmingly demonstrate that WDTX is a more appropriate venue than MDNC. Tanium's documents are stored in California, which is closer to WDTX than MDNC. Each of the Customer Defendants—who have agreed to provide discovery even if the case against them is stayed—have offices in WDTX. This District has a far greater interest in the dispute than MDNC does because Tanium has focused its sales and marketing activity at Austin, Texas rather than anywhere in MDNC. And finally, established court

congestion in MDNC relative to WDTX demonstrates that WDTX is a more expedient and efficient venue.

Accordingly, Tanium has failed to demonstrate that any of the relevant considerations weigh in favor of transferring the case to MDNC, and the Court should therefore deny Tanium's Motion.

## II. LEGAL STANDARDS

"Transfer under 28 U.S.C. § 1404(a) is properly granted only if the moving party 'clearly establishes good cause' by 'clearly demonstrating that a transfer is for the convenience of parties and witnesses, in the interest of justice.' It is the movant's burden—and the movant's alone—to 'adduce evidence and arguments that clearly establish good cause for transfer based on convenience and justice.'" *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024) (quoting *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022)). "[A] movant must show (1) that the marginal gain in convenience will be *significant*, and (2) that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will *actually* materialize in the transferee venue." *Id.* (emphasis in original). Indeed, this Court has explained that the movant has a "'heavy burden' of showing that the [proposed venue] is 'clearly more convenient.'" *STC.UNM v. Apple Inc.*, No. 6:19-CV-00428-ADA, 2020 WL 4559706, at *9 (W.D. Tex. Apr. 1, 2020) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 n.10 (5th Cir. 2008)).

"The district court—when assessing whether the movant clearly carried its burden—must consider the following public-interest and private-interest factors[:]"

> The private-interest factors are (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.
>
> The public-interest factors are (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*In re Clarke*, 94 F.4th at 509 (citation and quotations omitted). Taken together, these factors forcefully weigh against transfer in this case.

## III. ARGUMENT

As described below, each of the private interest factors in this case weight against transfer, and each of the public interest factors either weigh against transfer or are neutral. Accordingly, Tanium's proposed transfer is not warranted.

### A. The Private Interest Factors Weigh Against Transfer.

#### 1. The Cost of Attendance for Willing Witnesses Weighs Against Transfer.

The main crux of Tanium's motion is that transfer would result in a more convenient trial location for its employee engineers that work in its "primary engineering center" in North Carolina (Tanium Br., p. 3), but this argument fails for multiple reasons. In reality, WDTX is a middle ground for the willing

witnesses, with many of Tanium's potential witnesses residing in WDTX or elsewhere in Texas, and thus this factor weighs against transfer to MDNC.

First, the case law is well-established that "[t]he convenience of party witnesses is given little weight." *PaSafeShare LLC v. Microsoft Corp.*, No. 6-20-CV-00397-ADA, 2021 WL 1298933, at *4 (W.D. Tex. Apr. 7, 2021). *See also Solas OLED Ltd. v. Apple Inc.*, No. 6:19-CV-00537-ADA, 2020 WL 3440956, at *6 (W.D. Tex. June 23, 2020) ("The convenience of party witnesses is given relatively little weight compared to non-party witnesses."); *Voxer, Inc. v. Facebook, Inc.*, No. 6:20-CV-00011-ADA, 2020 WL 3416012, at *4 (W.D. Tex. June 22, 2020) (same). "Where, as here, the key witnesses of the party seeking transfer are employees of that party, their convenience is entitled to less weight because that party will be able to compel their testimony at trial." *ADS Sec. L.P. v. Advanced Detection Sec. Servs., Inc.*, No. A-09-CA-773-LY, 2010 WL 1170976, at *4 (W.D. Tex. Mar. 23, 2010) (quoting *Gardipee v. Petroleum Helicopters, Inc.*, 49 F. Supp. 2d 925, 930 (E.D. Tex. 1999)). Because the witnesses Tanium relies on to argue that MDNC is more convenient than WDTX are all Tanium employees, Tanium's argument is entitled to little weight.

Second, although certain of Tanium's relevant engineers may reside in North Carolina, Tanium has Texas-based employees who also can provide the testimony relating to the technology at issue in the case. Indeed, QuickVault has identified ***at***

***least 21*** Tanium engineers residing in greater Austin and greater San Antonio alone. (Exhibit A[1], collected LinkedIn profiles of Tanium engineers in greater Austin, TX and greater San Antonio, TX (accessed April 4, 2024).) Tanium has not shown that there is any unique knowledge possessed by a single employee in North Carolina. Its submission has therefore failed to carry its burden on this issue.

Third, Tanium's other relevant witnesses—such as those with information pertaining to sales, marketing, licensing, executive decision-making, etc.—either reside within WDTX, near Tanium's corporate headquarters in Kirkland, Washington (Dkt. 36, ¶ 1 of counterclaims), or near Tanium's office in Addison, Texas (Tanium Br., p. 3). (Exhibit B, collected LinkedIn profiles of Tanium's relevant Vice Presidents and Directors, each of whom reside in Texas or Washington.) The sales and marketing employees have relevant knowledge relating to the features and functions of the accused product that are most valuable to customers and that help to satisfy QuickVault's burden of showing infringement, and possibly to the amount of sales revenues attributable to the infringing technology. The finance employees will be able to testify to the amount of sales realized through the licensing and sale of the accused product, which is

[1] All exhibits are attached to the accompanying Declaration of David Ludwig.

instrumental to proving damages under a theory of "reasonable royalty." *See* 35 U.S.C. 284.

While it is obvious that WDTX is more convenient for Tanium's Texas-based employees, WDTX is also more convenient than MDNC for Tanium's Washington employees, as Kirkland, Washington is 1,767 miles from Austin, Texas and 2,336 miles to Durham, North Carolina. "Put simply, the Western District of Texas would likely serve as something of a middle ground for [Tanium's employee witnesses]." *ParkerVision, Inc. v. Intel Corp.*, No. 6:20-CV-00108-ADA, 2021 WL 401989, at *5 (W.D. Tex. Jan. 26, 2021).

The Court should also disregard Tanium's argument that QuickVault's corporate representative, Steven Bacastow, who resides in Georgia, is closer to MDNC than to WDTX (Tanium Br., p. 12), as Mr. Bacastow and QuickVault prefer WDTX and have no objection to travelling to WDTX.[2] (Bacastow Decl., ¶ 4.) Accordingly, the cost of attendance for willing witnesses factor weighs against transfer to MDNC.

[2] Co-inventor Mr. Heuss does not possess any unique knowledge that Mr. Bacastow does not also possess, and he is no longer employed by QuickVault. Thus, QuickVault does not anticipate identifying Mr. Heuss as a witness in this case. (*See* Tanium Br., p. 12 n.4.)

### 2. The Availability of Compulsory Process to Secure the Attendance of Witnesses Weighs Against Transfer.

Tanium argues that the "compulsory process" factor supports transfer because two of Tanium's former employees allegedly do not want to travel to this District for trial. (Tanium Br., p. 14.) QuickVault does not see any apparent need for *former* Tanium employees to testify, however, as Tanium's current employees possess sufficient knowledge of Tanium's accused products to testify as to how they work, what their advantages are, etc. Tanium's suggestion that its former employees—and they *alone*—possess the necessary information about Tanium's flagship product is simply not credible or sufficiently explained. And, of course, given that Tanium's existing employees can testify about the workings of the accused products, any testimony by its former employees is redundant and therefore unnecessary. *Moon v. City of El Paso*, No. SA-06-CA-925-OG, 2007 WL 9702867, at *3 (W.D. Tex. July 6, 2007) ("Without a realistic and comprehensive summary of the testimony, it is impossible for the Court to determine if a witness' appearance is cumulative or unnecessary for trial.").

On the contrary, QuickVault is aware of at least one material non-party witness in Austin—a corporate representative of ClearDATA Networks, Inc.—that QuickVault expects to be subpoenaed in this case. QuickVault engaged in substantial discussions with ClearDATA in 2017 regarding a potential pilot

program of QuickVault's CloudVault platform, which is likely relevant to issues such as damages (e.g., the attractiveness and value of the patented features in the platform) and objective indicia of nonobviousness (e.g., commercial success). (Exhibit C, Mutual Nondisclosure Agreement between ClearDATA Networks and QuickVault, dated Nov. 8, 2017; Bacastow Decl., ¶ 2.) Because ClearDATA is headquartered at 111 West Sixth Street, Suite 100, Austin, TX 78701, compulsory process is available for ClearDATA in this District but not in MDNC. (Exhibit D, printout of ClearDATA website, https://www.cleardata.com/contact-us/, p. 2 (accessed April 4, 2024).)

Accordingly, the "compulsory process" factor also weighs against transfer.

**3. The Relative Ease of Access to Sources of Proof Weighs Against Transfer.**

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *STC.UNM*, 2020 WL 4559706, at *3 (citing *Volkswagen*, 545 F.3d at 316). Although the sources-of-proof factor remains technically relevant to the transfer inquiry, this Court has correctly noted:

> In modern patent litigation, documents are located on a server, which may or may not be in the transferee district . . . and are equally accessible from both the transferee and transferor districts. Therefore, . . . there is no difference in the relative ease of access to sources of proof from the transferor district as compared to the transferee district when the vast bulk of documents are electronic.

*SynKloud Techs., LLC v. Dropbox, Inc.*, No. 6:19-CV-00526-ADA, 2020 WL 2528545, at *4 n.2 (W.D. Tex. May 18, 2020). Thus, regardless of where the relevant documents are located, Tanium—a sophisticated cloud-based company with offices across the country and many remote employees, including in WDTX (*see, e.g.*, Exhibits A and B)—will be able to conveniently access them. There will also likely not be any physical evidence in this case, as the accused technology is software.

To the extent this factor carries weight in the transfer analysis, it weighs against transfer because—as Tanium admits—its documents "are stored in a self-hosted data center in Sacramento, California." (Tanium Br., p. 13 n.13.) Sacramento, California is of course closer to WDTX than it is to MDNC. Although Tanium argues that this factor favors transfer because "the custodians . . . are largely at Tanium's MDNC [engineering] facility" (Tanium Br., p. 13), it is presumably only referring to technical document custodians and not to custodians of non-technical documents relating to sales, marketing, licensing, etc. These non-technical document custodians work in Texas or Washington, not in Tanium's North Carolina engineering facility (*see* Exhibit B), and many of Tanium's engineers are in WDTX (*see* Exhibit A).

Moreover, each of the Customer Defendants, who have agreed to provide discovery in this case even if the Court stays the case with respect to them, have

offices in WDTX but have no established presence in MDNC. (*See* Dkt. 31, ¶¶ 12, 13, 14.) Thus, each of the Customer Defendants are more likely to have relevant documents in WDTX than in MDNC.

Accordingly, this factor weighs against transfer as well.

**4. Practical Problems: A Related Case in this District Involving the Same Patents and on the Same Schedule Weighs Against Transfer.**

This Court must consider any "practical problems" associated with the requested transfer that would impact whether the litigation is "easy, expeditious and inexpensive." *In re Clarke*, 94 F.4th at 509. "'A parallel action in this District involving the same patent weighs heavily in the transfer analysis.' [] 'Though this factor is not dispositive, judicial economy favors having the infringement of the same patent considered by one judge.'" *NCS Multistage v. Nine Energy Serv., Inc.*, No. 6:20-CV-00277-ADA, 2021 WL 1199623, at *3 (W.D. Tex. Mar. 30, 2021) (quoting *SynKloud Techs., LLC v. Dropbox, Inc.*, No. 6:19-CV-00525-ADA, 2020 WL 2494574, at *5 (W.D. Tex. May 14, 2020).) Indeed, the Federal Circuit has "held that the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice" and that "[j]udicial economy may be served even when 'two related cases before the same court may not involve the same defendants and accused products.'" *In re Vicor Corp.*, 493 F. App'x 59, 61 (Fed. Cir. 2012) (quoting *In re*

*Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010).) *See also Uniloc USA, Inc. v. Chief Architect, Inc.*, No. 6:15-CV-1003-RWS-KNM, 2016 WL 9229319, at *6 (E.D. Tex. Dec. 2, 2016) (same). "[K]eeping [related] cases together would promote consistency as the same Court would hold *Markman* hearings and provide claim constructions for the same patent—avoiding the potential of having the same patent claims interpreted to have different meanings by various Courts." *STC.UNM v. Apple Inc*., No. 6:19-CV-00428-ADA, 2020 WL 4559706, at *7 (W.D. Tex. Apr. 1, 2020) (denying motion to transfer).

Here, a co-pending case against Oracle Corporation asserts the same seven patents at issue in the instant case. *See* Amended Complaint for Patent Infringement, *QuickVault, Inc., v. Oracle Corporation*, Case No. 1:23-CV-01522-ADA, Dkt. 19 (W.D. Tex. filed March 1, 2024). The Case Readiness Status Report in the instant case lists the *Oracle* case as a related case. (Dkt. 23.) Moreover, Tanium's counsel emailed the Court clerk to ask that the instant case deadlines be delayed to facilitate harmonizing the case schedule with that of the *Oracle* case, stating "The parties believe it is most efficient to treat the [*Oracle*] and [*Tanium*] cases as CRSR Related Cases and to therefore have one harmonized case schedule and Markman hearing." (Exhibit E, Email from Barry Shelton to TXWDml_LawClerks_WA_JudgeAlbright@txwd.uscourts.gov dated Mar. 5, 2024.) The Court's clerk responded that "[t]he Court would appreciate a

harmonized schedule and Markman hearing." (*Id.*, Email from James "Jake" Shultz to Barry Shelton dated Mar. 5, 2024.) Thus, Tanium itself recognizes and has even availed itself of the efficiency of maintaining the *Tanium* and *Oracle* cases in the same court and on the same schedule, and the Court has decided that the two cases should share one *Markman* hearing. Transferring this case to MDNC would eliminate that efficiency and would necessitate that two courts—not one—construe the same patent claims, perhaps inconsistently. *STC.UNM*, 2020 WL 4559706, at *7.

Because *Tanium* and *Oracle* involve identical patents and—at Tanium's urging—share a harmonized schedule, the "practical problems" factor weights "heavily" against transfer. *NCS Multistage*, 2021 WL 1199623, at *3. Tanium's brief essentially ignores the instant case's close connection to the *Oracle* case, stating only that the *Oracle* case has had "no substantive rulings to date." (Tanium Br., p. 14.) What matters is not how far along the *Tanium* and *Oracle* cases have progressed to date, but rather that transfer would significantly disrupt the efficiency of the cases moving forward.

### B. The Public Interest Factors Weigh Against Transfer.

#### 1. Local Interest Weighs Against Transfer.

"To identify localized interests properly, '[the Court should] look not to the parties' significant connections to each forum . . . but rather the significant

connections between a particular venue and the events that gave rise to a suit.'" *In re Clarke*, 94 F.4th at 511 (quoting *In re TikTok, Inc.*, 85 F.4th 352, 364 (5th Cir. 2023)). "[T]he local-interest inquiry is concerned with the interest of *non-party citizens* in adjudicating the case. Considerations such as 'the location of the injury, witnesses, and the plaintiff's residence,' are useful proxies for determining what local interests exist in each venue." *Id.* (quoting *Def. Distributed*, 30 F.4th at 435) (emphasis in original).

Tanium sole argument that MDNC has a local interest in this case is based on its allegation that the accused product was developed "largely" in MDNC. (Tanium Br., p. 14.) But Tanium's development of its infringing product is not what injured QuickVault; rather, it was Tanium's unauthorized offer of sale, sale, and distribution of the infringing product to Tanium's customers, as well as the use of the infringing product by Tanium's customers and Tanium itself. Although these infringing activities have occurred and continue to occur nationwide, which itself does not point to a local interest particular to any district, *In re Clarke*, 94 F.4th at 510 ("completely diffuse local interests net out to zero"), Tanium has focused its infringing sales activity directly at this District by repeatedly hosting its annual week-long Converge conference in Austin, Texas. (Exhibit F, printout of *Tanium Prepares to Celebrate the Power of Partnering*, TANIUM, https://www.tanium.com/blog/tanium-converge-2023-global-partners-summit/

(Oct. 10, 2023); Exhibit G, printout of *See What's on the Agenda for Tanium Converge 2022? Malcom Gladwell, Forrester's Renee Murphy and More*, TANIUM, https://www.tanium.com/blog/whats-on-the-agenda-for-tanium-converge-2022-malcom-gladwell-forresters-renee-murphy-and-more/ (Sept. 30, 2022); Exhibit H, screenshot of *Tanium Converge 2022: The Premier Destination for Global IT and Security Professionals*, YOUTUBE, https://www.youtube.com/watch?v=yFpMaDaf83g (Sept. 20, 2022) (Tanium YouTube Channel).)

Tanium attempts to downplay the significance of its Converge conference by stating that "Tanium happened to host its annual Converge conference in Austin last year," but it neglects to mention that it also "happened" to host the Converge conference in Austin in 2022 as well. (Exhibit G ("[R]egister today to join us live in Austin, Texas [for Converge 2022]."); *see also* Exhibit H, (Converge 2022 "[i]n Austin, TX").) Importantly, Tanium has not identified any instance of the conference, or of other substantial sales activity, occurring in MDNC. Thus, WDTX has a greater local interest in the instant case than the MDNC does, and this factor weighs against transfer as well.

**2. Administrative Difficulties Flowing from Court Congestion Weigh Against Transfer.**

The court congestion "factor normally weighs against transfer when the 'case appears to be timely proceeding to trial before the' transferee district."

*TikTok*, 85 F.4th at 363 (quoting *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 631 (5th Cir. 2022)). QuickVault anticipates that the parties will largely adhere to the Court's detailed default schedule, which will expeditiously move the case toward a timely trial. Moreover, the most recent Federal Court Management Statistics show that this District is significantly more expedient than MDNC, with the median time to trial in WDTX being 28.3 months and the median time to trial in MDNC being 41.1 months. (Exhibit I, excerpts from United States District Courts—National Judicial Caseload Profile, *available at* https://www.uscourts.gov/sites/default/files/fcms_na_distprofile1231.2023_0.pdf.) Thus, this factor too weighs against transfer.

**3. Governing Law and Conflicts of Law Are Neutral.**

QuickVault agrees with Tanium that the remaining public interest factors are neutral.

## IV. CONCLUSION

For the foregoing reasons, QuickVault requests that the Court deny Tanium's Motion to Transfer. Each of the private and public factors either weigh against transfer or are neutral. Tanium has therefore fallen far short of satisfying its burden of establishing that there is clearly good cause for transferring to MDNC.

DATED this 17th day of April, 2024.

RESPECTFULLY SUBMITTED,

By: ***/s/Artoush Ohanian________***

Texas State Bar No. 24013260
H. Artoush Ohanian
OhanianIP
604 West 13th Street
Austin, Texas 78701
Phone: (512) 298-2005
Email: artoush@ohanianip.com

-and-

Steven G. Hill
Georgia Bar No. 354658
*Pro Hac Vice*
David K. Ludwig
Georgia Bar No. 616971
*Pro Hac Vice*
Hill, Kertscher & Wharton, LLP
3625 Cumberland Blvd., SE
Suite 1050
Atlanta, Georgia 30339-6406
Tel.: (770) 953-0995

Email: sgh@hkw-law.com
Email: dludwig@hkw-law.com

***Counsel for Plaintiff QuickVault, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the above document was served via the Court's CM/ECF system, which sends notifications of such filing to all counsel of record who have consented to accept service by electronic means, on April 17, 2024.

*/s/Artoush Ohanian*
Artoush Ohanian